# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3178
_____

Kevin Tharp

*Plaintiff - Appellant*

v.

CitiMortgage, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 3, 2021
Filed: December 27, 2021
[Unpublished]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Kevin Tharp filed a *pro se* complaint in May 2019 alleging that CitiMortgage, Inc. violated state and federal law in servicing Tharp's residential mortgage loan, initiating foreclosure proceedings that resulted in a February 2013 foreclosure sale,

and then interfering with his right of redemption. The district court[1] dismissed the action in September 2019, and Tharp appealed. With the appeal fully briefed, a three judge panel summarily affirmed the district court in a per curiam opinion dated June 2, 2020. Tharp v. CitiMortgage, Inc., 808 F. App'x 400 (8th Cir. 2020). Judgment was entered on June 5. Tharp's timely petition for rehearing or rehearing en banc was denied on July 13, and our mandate issued July 20, 2020.

On November 2, 2021 the Clerk of Court notified the parties that one member of the panel had learned that a family member's SEP-IRA had purchased Citigroup stock in June 2020, which required the judge's retroactive recusal in this case under the Codes of Conduct for United States Judges. See Advisory Opinion 71 of the Judicial Conference Codes of Conduct Committee. Tharp's response, filed November 19, asserted that "[t]he Courts failed me on this one," and demanded compensation for "what was stolen from me." A special panel of this court vacated the June 5, 2020 judgment, recalled the July 20 mandate, and reopened the case on November 30. The case was reassigned to this panel.

We have carefully considered the entire record on appeal, including the initial briefs, Tharp's 2020 petition for rehearing, and his response to the November 2021 recusal notice. Reconsidering Tharp's claims on appeal *de novo*, we again affirm the district court and adopt the prior panel's vacated opinion:

> Kevin Tharp appeals the district court's dismissal of his pro se action against CitiMortgage, Inc. Upon careful de novo review, we affirm. We agree that Tharp failed to state a claim regarding interference with his right to redemption, as he did not plead facts sufficient for the court to infer that CitiMortgage was liable for any wrongdoing. *See* Minn. Stat. § 580.23; *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

678 (2009).  We also agree that Tharp's claims arising under the Real Estate Settlement Procedures Act, and his state law claims for fraud and intentional infliction of emotional distress, were time-barred.  *See* 12 U.S.C. § 2614; Minn. Stat. §§ 541.05, 541.07.  Finally, we deny the request in Tharp's reply brief to supplement the record on appeal.  *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993).

The judgment is affirmed.  *See* 8th Cir.  R.  47B.

_____

We likewise affirm the denial of Tharp's petition for panel rehearing of this decision.  The denial of Tharp's July 2020 petition for rehearing en banc remains vacated, but that petition is mooted by the order reopening the case and this decision.  Tharp may of course petition for panel and/or en banc rehearing of this decision.

_____